IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MYSTATEUSA, INC., | ) | |
| | ) | Civ. No. 09-0143-S-BLW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | |
| ROAM SECURE, INC., a Virginia corporation; COOPER TECHNOLOGIES COMPANY, a corporation, JOHN DOES 1-5, and ABC Corporations 1-5, | ) | |
| Defendants. | ) | |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendants and a motion for discovery filed by plaintiff. The Court heard oral argument on both motions on October 15, 2009, and took the motions under advisement. For the reasons expressed below, the Court will grant the motion to dismiss, rendering moot the motion for discovery.

## ANALYSIS

MyState has sued Roam Secure and Cooper Technologies, seeking a

**Memorandum Decision – page 1**

declaratory judgment that its "actions do not violate any patents defendants may have" or any "proprietary rights and/or intellectual property rights, or any other rights Defendants may have." *See First Amended Complaint* at p. 6. Attached to the complaint is a series of correspondence between MyState and the defendants. MyState alleges that the correspondence, read as a whole, threatens MyState with litigation for patent infringement.

     The party seeking to base jurisdiction on the Declaratory Judgment Act – as MyState is doing here – must allege facts sufficient to show that the dispute is "definite and concrete." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). MyState must show that "there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. If a party "has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction of a complaint . . . ." *Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83 (1993). "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise." *Prasco, LLC v. Medicis Pharmaceutical Corp*, 537 F.3d 1329 (Fed.Cir. 2008).

**Memorandum Decision – page 2**

MyState's allegations that it is not violating "any patents" or "any rights" owned by defendants does not describe a "definite and concrete" controversy. Such a claim of blanket immunity is far too vague to pass muster under Article III.

However, other allegations do focus in on the '428 patent and seek a declaration that MyState is not infringing that patent. The issue is whether MyState has carried its burden of showing that defendants have accused it of infringing the '428 patent. MyState alleges that the series of letters attached to the complaint make this showing.

The Court disagrees. The first letter, from Roam Secure's patent counsel was sent on March 6, 2007, more than a year before the '428 patent issued. That letter cannot form the basis for jurisdiction. *See Wooster Brush Company v. Bercom International, LLC,* 2008 WL 1744782 (N.D. Oh. 2008) (communication sent prior to patent's issuance not considered for purpose of jurisdictional analysis).

The other two letters were sent by counsel for Cooper Industries, not a named party here. The first of those two letters does not allege that MyState is infringing the '428 patent but simply notifies MyState of the patent and invites further discussion. After MyState's patent counsel responds that MyState is interested in a sale or license of the patent, counsel for Cooper Industries replies

**Memorandum Decision – page 3**

with a request for further information to begin negotiations.

The three letters do not satisfy MyState's burden of proof. The first letter is insufficient because it was sent well-before the patent issued. The second letter merely invites inquiry, and the third letter responds to MyState's interest in negotiating a license. Neither of the latter two letters alleges infringement or threatens litigation.

MyState has not carried its burden of showing a case or controversy under the Declaratory Judgment Act, and hence the motion to dismiss must be granted. The Court will prepare a separate Judgment as required by Rule 58.



DATED:  **October 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – page 4**